UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE TORRES   CASE NO.:

| | |
|---|---|
| CAROLYN FURLONG,<br><br>Plaintiff<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC<br>and SCHACHTER PORTNOY, LLC<br><br>Defendants. | **14 CV 6230**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |



Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants CAVALRY PORTFOLIO SERVICES, LLC and SCHACHTER PORTNOY, LLC (collectively "Defendants") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

### III. ALLEGATIONS AS TO PARTIES

3. Plaintiff Carolyn Furlong, ("Furlong") is a natural person residing in New York County, New York.

4. Upon information and belief Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry") is a collection agency and a foreign limited liability company with registered agent CT Corporation located at 111 Eighth Avenue, New York, New York 10011.

5. Upon information and belief Defendant Cavalry is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in New York County, New York.

6. Defendant Cavalry is engaged in the collection of debts from consumers using the mail, telephone, and civil litigation process. Defendant regularly attempts to collect consumer debts alleged to be due to another.

7. Upon information and belief Defendant Schachter Portnoy, LLC (hereinafter "Schachter") is a collection agency and a foreign limited liability company with a business address of 500 Summit Lake Drive, Suite 4A, Valhalla, New York 10595.

8. Upon information and belief Defendant Schachter is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Kings County, New York.

9. Defendant Schachter is engaged in the collection of debts from consumers using the mail, telephone, and civil litigation process. Defendant regularly attempts to collect consumer debts alleged to be due to another.

10. Ms. Furlong is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

12. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff adopts and realleges the foregoing as fully restated herein.

14. On a date better known to Defendants in the year 2009, Defendants filed a lawsuit against Plaintiff in the Civil Court of the City of New York, Kings County, (hereinafter "Civil Court") Index Number 054754/2009.

15. On or about June 19, 2009, Defendants filed an affidavit of service with the court, in which the process server, Assmat Abdelrahman attested to serving the Plaintiff via the "nail and mail" method because the process server was unable, with due diligence, to find a person of suitable age and discretion at Plaintiff's alleged last know residence after having called there on three separate occasions.

16. The last known residence that Mr. Abdelrahman attested to have served the Plaintiff does was, at the alleged time of service, not Plaintiff's residence. Plaintiff had never resided at the address attested to by Mr. Abdelrahman.

17. Defendants failed to give Plaintiff adequate notice of the newly commenced action by failing to properly serve the summons and complaint in the Civil Court action.

18. Defendants knew or should have known that Plaintiff was not given adequate notice via proper service of the newly commenced action.

19. Defendants knew or should have known that Plaintiff did not reside at the address attested to in their affidavit of service filed with the Civil Court.

20. Defendants then proceeded with the lawsuit against Plaintiff by filing requisite documents and ultimately obtaining a judgment against Plaintiff unbeknownst to Plaintiff.

21. Defendants also intentionally failed to serve Plaintiff with a copy of the notice of entry of the judgment as required by the Civil Practice Law and Rules of the State of New York.

22. On or about the month of January in the year 2014, Plaintiff checked her credit report. Much to Plaintiff's surprise and dismay, she discovered that Defendants unlawfully obtained judgment was being reported on her credit report.

23. As a result of Defendants' unlawful actions, Plaintiff could not have reasonably known about Defendants' unlawfully obtained judgment until she checked her credit in January 2014.

24. Upon learning of the judgment, Plaintiff immediately went to the Civil Court and obtained copies of all documents filed by Defendants.

25. Upon further review, Plaintiff was dismayed to discover that Defendants made false and misleading communications to the Civil Court.

26. Plaintiff then immediately engaged the services of the Law Office of Abel L. Pierre, PC to help her resolve this matter.

27. Upon further review of the documents Defendants presented to the Civil Court to obtain the judgment, we discovered that Defendants made numerous false and misleading communications to the court, including without limitations, false and misleading statements in writing.

28. On or about February 5, 2014, Defendants made additional false and misleading statements in writing in an attempt to collect a debt when they opposed Plaintiff's motion to vacate the default judgment entered against her.

29. Defendant's submitted an affirmation to which they swore the contents to be truthful under the penalty of perjury.

30. In their affirmation in opposition to Plaintiff's motion to vacate the Civil Court judgment, Defendants swore that their process server duly served Plaintiff with a copy of the Civil Court summons and complaint by serving a person of suitable age and discretion.

31. This statement was false and misleading because the affidavit of service of the Civil Court summons and complaint clearly and plainly stated that the process server could not serve any one of suitable age and discretion.

32. In making this statement, Defendants sought to intentionally mislead the Civil Court and hoped that the presiding Civil Court Judge and opposing counsel alike would only perform a cursory review of the affirmation and supporting documents.

33. By obtaining an illegal judgment against Plaintiff and intentionally making false and misleading statements, Defendants utilized false and deceptive means to attempt to collect a debt from Plaintiff.

34. By obtaining an illegal judgment against Plaintiff and making false and misleading statements, Defendants utilized false and deceptive means which resulted in an obstacle to Plaintiff obtaining credit in the future.

35. The continued unlawful collection attempts were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692f and 1692f(1) amongst others.

36. By making the aforementioned allegations Defendants attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

37. Defendants knew or should have known at the time it made these allegations, that such allegations were false and deceptive.

38. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## V. PRACTICES OF DEFENDANT

39. It is or was the policy and practice of Defendants to initiate consumer credit lawsuits against consumers who may or may not owe a debt.

40. It is or was the policy and practice of Defendants to initiate consumer credit lawsuits against consumers and obtain false and misleading affidavits of service.

41. It is or was the policy and practice of Defendants to communicate to the courts false and misleading information and statements in efforts to obtain default judgments against consumers.

42. Said practices and policies of Defendants are deceptive representations, which contradicts the consumer's rights.

43. That the Defendants intentionally and knowingly and/or carelessly and recklessly cause these false, misleading lawsuits on a mass scale for sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

44. Defendants' conduct violate 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive and unfair.

45. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

46. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following: (d), (e) and (f).

   i. Defendants violated 15 U.S.C. § 1692(d) by harassing, oppressing and/or abusing the consumer by employing unfair tactics in an attempt to collect a debt;

   ii. Defendants violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and misleading representation to collect a debt; and making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

   iii. Defendants violated 15 U.S.C. § 1692(f) by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

47. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

48. Plaintiff adopts and realleges the foregoing as fully stated herein.

49. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

50. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, filing false and misleading documents with the Civil Court of the City of New York, County of Kings. False documents include but are not limited to, making false sworn statements in an attempt to collect a debt.

51. Defendants' violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

52. By unlawfully filing false documents with Civil Court of the City of New York, County of Kings, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

53. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

54. Defendants' deceptive acts and practices in violation of § 1692d of the FDCPA resulted in an obstacle to Plaintiff obtaining credit in the future.

55. Defendants' violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

56. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

57. Plaintiff adopts and realleges the foregoing as fully stated herein.

58. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

59. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, filing false documents with the Civil Court of the City of New York, County of Kings in their pursuit of collecting the alleged debt. False documents include but are not limited to, making false sworn statements in an attempt to collect a debt.

60. Defendants' violation of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

61. By unlawfully filing false documents with Civil Court of the City of New York, County of Kings, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

62. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

63. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other

things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

64. Defendants' deceptive acts and practices in violation of § 1692e of the FDCPA resulted in an obstacle to Plaintiff obtaining credit in the future.

65. Defendants' violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

## COUNT III

### Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

66. Plaintiff adopts and realleges the foregoing as fully stated herein.

67. Section 1692e(2) of the FDCPA prohibits a debt collector from using false or misleading representations in communications with regards to the character, amount, or legal status of the alleged debt. See, 15 U.S.C. § 1692e(2).

68. Defendants' violation of § 1692e(2) of the FDCPA, include, but are not limited to, attempting to collect an arbitrarily calculated debt by filing a Civil Court action for an debt amount not permitted by the underlying alleged loan or credit agreement.

69. Defendants' violation of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

70. By attempting to collect an arbitrarily calculated debt by filing a Civil Court action for an debt amount not permitted by the underlying alleged loan or credit agreement, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

71. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

72. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

73. Defendants' deceptive acts and practices in violation of § 1692e(2) of the FDCPA resulted in an obstacle to Plaintiff obtaining credit in the future.

74. Defendants' violation of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

## COUNT IV

### Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

75. Plaintiff adopts and realleges the foregoing as fully stated herein.

76. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

77. Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, filing false documents with the court in their pursuit of collecting the alleged debt. False documents include but are not limited to, making false sworn statements in an attempt to collect a debt.

78. Defendants' violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

79. By unlawfully filing false documents with Civil Court of the City of New York, County of Kings, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

80. Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

81. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

82. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

83. Defendants' deceptive acts and practices in violation of § 1692f of the FDCPA resulted in an obstacle to Plaintiff obtaining credit in the future.

84. Defendants' violation of § 1692f of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

## COUNT V

### Violation of § 1692f(1) of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

85. Plaintiff adopts and realleges the foregoing as fully stated herein.

86. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C. § 1692f(1).

87. Defendants' violation of § 1692f(1) of the FDCPA, include, but are not limited to, filing false documents with the court in their pursuit of collecting the alleged debt for an amount not permitted under the alleged underlying loan or credit agreement.

88. Defendants' violation of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

89. Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

90. By unlawfully making false threats against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

91. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

92. Defendants' deceptive acts and practices in violation of § 1692f(1) of the FDCPA resulted in an obstacle to Plaintiff obtaining credit in the future.

93. Defendants' violation of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

## COUNT VI
### Violations of the New York General Business Law § 349

94. Plaintiff adopts and realleges the foregoing.

95. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

96. GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

      i. *h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in*

> *its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

97. It is the regular business practice of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants engaged in such a deceptive practice aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

98. It is the regular business practice of Defendants to make false threats against consumers as a means to pressure the alleged debtor. Defendants engaged in such deceptive practice aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

99. By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

100. By unlawfully obtaining a judgment against Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

101. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

102. Defendants' deceptive acts and practices in violation of New York GBL § 349 resulted in an obstacle to Plaintiff obtaining credit in the future.

103. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing to

Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Furlong prays that this Court:

a. Declare that Defendants violated the FDCPA;

b. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against each Defendant for Plaintiff;

c. Enter judgment in favor of Plaintiff and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d. Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

e. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Furlong demands trial by jury.

Dated: July 31, 2014

Respectfully submitted,

LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**